| STATE OF SOUTH CAROLINA | ) | 2013CV1010601403 |
|---|---|---|
| | ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON | ) | |
| | ) | IN THE MAGISTRATE'S COURT |
| | ) | |
| | ) | SUMMONS |

Jay Connor
Post Office Box 20302
Charleston, SC 29413
(843) 557-5724

PLAINTIFF(S)

Vs                                                                                          AGENT

| Lifewatch, Inc. | Evan Sirlin, Indiv. | SC Secretary of State |
| 1315 B Broadway, Suite 106 | 1344 Huckleberry Lane | Box 11350 |
| Hewlett, NY 11557 | Hewlett, NY 11557 | Columbia, SC 29211 |

DEFENDANT(S)

TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate Counterclaims/Crossclaims to the attached Complaint/Counterclaim within THIRTY days from the first day after receipt of this Summons. Your Answer must be received by the:

Charleston County
Small Claims - City
995 Morrison Drive  P. O. Box 941
Charleston, SC 29403
Phone: (843) 724-6720 Fax: (843) 724-6785

If you fail to Answer within the prescribed time, a Judgment by Default will be rendered against you for the amount or other remedy requested in the attached Complaint, plus interest and costs. **If you desire a jury trial, you must request one within five (5) business days before the date of trial.** If no jury trial is timely requested, the matter will be heard and decided by the Judge.

## READ ATTACHED INSTRUCTIONS CAREFULLY

November 18, 2013

MV 38

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

2013CV1010601403
Civil Action No.

Jay Connor,

    Plaintiff,

Vs.

Lifewatch, Inc. and Evan Sirlin Individually
    Defendants.

**VERIFIED COMPLAINT**

FILED IN CHARLESTON COUNTY

NOV 18 2013

CITY SMALL CLAIMS COURT

**ADDRESS FOR REGISTERED AGENT OF DEFENDANT LIFEWATCH, INC.:**

Pursuant to S.C. Code Ann § 15-9-245:

    South Carolina Secretary of State
    Box 11350
    Columbia, SC 29211

Refer to:  Evan Sirlin c/o
    Lifewatch, Inc.
    1315 B Broadway Suite 106
    Hewlett, New York 11557

**ADDRESS FOR DEFENDANT EVAN SIRLIN:**

1344 Huckleberry Lane
Hewlett, NY 11557

Plaintiff complaining of the Defendants alleges as follows:

## TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty.

## PARTIES

2. Plaintiff is a resident of Charleston County, South Carolina.

3. The call alleged in this complaint was made to Plaintiff's residential phone line in South Carolina.

4. LIFEWATCH, INC. (hereinafter "Lifewatch") is a New York corporation that conducts and transacts business in South Carolina.

5. Lifewatch either directly or by those on its behalf, makes calls to residents of South Carolina.

6. EVAN SIRLIN (hereinafter "Sirlin") is the president of Lifewatch, Inc.

7. The true identity of John Doe is unknown at this time.

### ACTS OF THOSE MAKING CALLS ON BEHALF OF DEFENDANTS

8. Whenever it is alleged in this complaint that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of the Defendants.

### DEFENDANTS' USE OF PRERECORDED TELEPHONE MESSAGES

9. Defendants use, directly and/or by those on their behalf, one or more devices that calls telephone subscribers and delivers messages using a prerecorded or artificial voice.

10. Defendants directly and/or by those on their behalf, did initiate four telephone calls alleged herein with a device that delivered messages using a prerecorded or artificial voice.

11. Defendants directly and/or by those on its behalf, are aware of this device's designed operation and/or have knowledge that calls were being made using an artificial or prerecorded voice to deliver messages.

12. Defendants directly and/or by those on their behalf, can exercise control over the content of the messages delivered by the artificial or prerecorded voice.

13. Defendants directly and/or by those on their behalf, can exercise control over the people who make the calls that deliver messages by artificial or prerecorded voice.

14. Sirlin had actual knowledge of the calls alleged herein, participated in the transmission of the calls, or by failure to act, allowed such calls to be made.

## TELEPHONE CALLS MADE TO PLAINTIFF

### First Call

15. On or about October 14, 2013, a telephone call was initiated to the Plaintiff's residential telephone number (864) 834-8834 by or on behalf of the Defendants.

16. The Caller ID transmitted in the call was 775-800-7054.

17. The purpose of the call was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

18. The call consisted of a message delivered by prerecorded or artificial voice.

19. In the call described herein, Defendants willfully and/or knowingly intended to deliver a recorded message solicitation to the called party.

### Second Call

20. On or about October 14, 2013, a telephone call was initiated to the Plaintiff's residential telephone number (864) 834-8834 by or on behalf of the Defendants.

21. The Caller ID transmitted in the call was 775-800-7054.

22. The purpose of the call was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

23. The call consisted of a message delivered by prerecorded or artificial voice.

24. In the call described herein, Defendants willfully and/or knowingly intended to deliver a recorded message solicitation to the called party.

### Third Call

25. On or about October 14, 2013, a telephone call was initiated to the Plaintiff's residential telephone number (864) 834-8834 by or on behalf of the Defendants.

26. The Caller ID transmitted in the call was 775-800-7054.

27. The purpose of the call was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

28. The call consisted of a message delivered by prerecorded or artificial voice.

29. In the call described herein, Defendants willfully and/or knowingly intended to deliver a recorded message solicitation to the called party.

### Fourth Call

30. On or about October 14, 2013, a telephone call was initiated to the Plaintiff's residential telephone number (864) 834-8834 by or on behalf of the Defendants.

31. The Caller ID transmitted in the call was 775-800-7054.

32. The purpose of the call was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

33. The call consisted of a message delivered by prerecorded or artificial voice.

34. In the call described herein, Defendants willfully and/or knowingly intended to deliver a recorded message solicitation to the called party.

### Fifth Call

35. On or about October 15, 2013, a telephone call was initiated to the Plaintiff's residential telephone number (864) 834-8834 by or on behalf of the Defendants.

36. The Caller ID transmitted in the call was 775-800-7054.

37. The purpose of the call was, among other things, to deliver a telephone message to the called party on behalf of the Defendants.

38. The call consisted of a message delivered by prerecorded or artificial voice.

39. In the call described herein, Defendants willfully and/or knowingly intended to deliver a recorded message solicitation to the called party.

### FIRST CAUSE OF ACTION - 47 U.S.C. 227 (b) (1) (B)

40. Paragraphs 1 through 39 are restated as if set forth herein.

41. Defendants did make FIVE (5) telephone calls as referenced above to Plaintiff's residential telephone using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

### Violation of identification requirements – 47 C.F.R. 64.1200 (b) (1)

42. Paragraphs 1 through 41 are restated as if set forth herein.

43. The recorded message in the call referenced above did not fulfill the requirements of 47 C.F.R. 64.1200 (b) (1) in that during or after the message, state clearly the identity of such individual, business, or other entity making the call.

### Violation of identification requirements – 47 C.F.R. 64.1200 (b) (2)

44. Paragraphs 1 through 43 are restated as if set forth herein.

45. The recorded message in the call did not fulfill the requirements of 47 C.F.R. 64.1200 (b) (2) in that during or after the message, state clearly the telephone number of such individual, business, or other entity making the call.

### Willful or Knowing Violations

46. Defendants' actions, as described in paragraph 41 manifest FIVE knowing and/or willful actions in violation of 47 U.S.C. 227 within the meaning of the 1934 Communications Act and the Federal Communications Commission.

### PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

48. For the statutory damages of $500 per violation, to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendants' violations of that TCPA and;

49. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of Defendants' willful and/or knowing violations of that TCPA listed in paragraph 46 above; and

50. For unspecified punitive damages in an amount to be determined by this Court.

51. For such other and further relief as the Court may deem just and proper.

52. Plaintiff waives the excess of any award above the jurisdiction of the Court in effect at the time at the time judgment is rendered.

Respectfully submitted,
This is the 16th day of November, 2013.

Jay Connor Plaintiff, *Pro Se*
P.O. Box 20302
Charleston, SC 29413
(843) 557-5724

5

## VERIFICATION

The Undersigned states and swears that all the forgoing allegations are true and correct to the best of his knowledge and belief.

_Jay Connor_

Subscribed and sworn to before me by Jay Connor on this the 10 day of November, 2013.

_Notary Public for South Carolina_
My commission expires on 6-15-2025.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | 2013CV1010601403 |
| ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON ) | |
| ) | IN THE MAGISTRATE'S COURT |
| ) | |
| ) | ANSWER |

Jay Connor
Post Office Box 20302
Charleston, SC 29413
(843) 557-5724
**PLAINTIFF(S)**

Vs                                                                                                    AGENT

| Lifewatch, Inc. | Evan Sirlin, Indiv. | S C Secretary Of State |
| 1315 B Broadway, Suite 106 | 1344 Huckleberry Lane | Box 11350 |
| Hewlett, NY 11557 | Hewlett, NY 11557 | Columbia, SC 29211 |

**DEFENDANT(S)**

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Charleston County Summary Court,** is as follows:

CHECK ONE:

    A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)

_____
_____

    B. ☐ I admit everything in the complaint and do not want a trial.
    C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____

_____

    D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)

_____
_____

<u>**YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS**</u>

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____

_____
SIGNATURE OF DEFENDANT(S) (OR ATTORNEY)

**IF MORE THAN ONE DEFENDANT, ALL MUST FILE ANSWER**

PLEASE RETURN TO:

**Small Claims - City**
995 Morrison Drive, P. O. Box 941
Charleston, SC 29403
Phone: (843) 724-6720

MV 2

# CHARLESTON COUNTY SMALL CLAIMS COURT
## INSTRUCTION SHEET

**ADDRESS:** POST OFFICE BOX 941, 29402   995 MORRISON DRIVE, CHARLESTON, SC 29403

**PHONE:** SMALL CLAIMS COURT DOWNTOWN   CALL (843) 724-6720

**HOURS:** 8:30 AM-4:30 PM Monday through Friday

**FILING:** The filing and service of process fee is $80.00. There is an additional $10.00 charge for each additional defendant with a different address. The complaint and any attachments must be filed in DUPLICATE. The original for the Court, a copy for each Defendant(s). Please provide the court with a clear and accurate legal name and street address for the defendant, so that the summons and complaint can be served without delay. Route and box numbers are not acceptable. If filing against a business, determine whether or not the business is incorporated or privately owned. If privately owned, list owner's full legal name. If incorporated, list agent's name and address for service of process. If filing to collect an account or note, include duplicate copies of the statement of account, invoices, or note to verify the amount due and have your signature notarized. The jurisdictional limit in this court is $7,500.00.

**SUMMONS:** The Small Claims Court issues a summons when the complaint is filed and the summons requires the defendant to answer the complaint within thirty (30) days after the date of service. The defendant must answer in writing and a clerk is available at the Small Claims Office to assist a party if needed.

If the defendant has a claim against the plaintiff arising from the same facts, the defendant may file a counterclaim in writing with the court at the same time the answer is filed.

**DEFAULT:** If the defendant does not answer within thirty (30) days after service of the summons and complaint, a judgment by default may be entered against the defendant.

**HEARING:** The Court will schedule a hearing at the time the defendant files an answer. The parties must appear with any witnesses and evidence that are necessary to prove their cases. A WRITTEN, NOTARIZED, OUT OF COURT STATEMENT FROM A WITNESS CANNOT BE USED AS EVIDENCE. A WITNESS MUST APPEAR IN PERSON IN COURT TO TESTIFY. There is a charge of $8.00 per subpoena if issued by the court.

**JURY TRIAL:** Either party has the right to request a jury trial and it must be submitted in writing at least five (5) working days prior to the date of the hearing.

**JUDGMENTS:** A Transcript of Judgment will be issued with specific instructions about the enforcement of the Judgment. It may be recorded immediately at the Clerk of Court's Office. The Execution Against Property Order may be filed with the Charleston County Sheriffs Office thirty (30) days after notice of judgment. The recorded judgment will remain valid and enforceable for a period of ten (10) years and accrues interest at the rate of 12% from the date of judgment. When the judgment is satisfied, the plaintiff must notify the Clerk of Court's Office so that the judgment will be recorded as satisfied.

**POST TRIAL:** A Motion for a New Trial must be received by this court in writing within five (5) days after notice of the judgment.

**APPEALS:** An appeal must be filed in writing within thirty (30) days from the notification of the judgment date. There is a $150.00 filing fee and it must be filed with the Court of Common Pleas. The notice of appeal must be personally served on this court and on the opposing party within the same thirty (30) days.

R-02/04