IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, | 2:14-cv-00347-CWH-WWD |
| | 2:13-cv-03507-CWH-WWD |
| Plaintiff, | |
| | **ORDER** |
| vs. | **and** |
| | **REPORT AND RECOMMENDATION** |
| Lifewatch, Inc. and | |
| Evan Sirlin, | |
| | |
| Defendants. | |

These related actions brought by an individual proceeding pro se are before the undersigned United States Magistrate Judge for a report and recommendation on the Motions to Dismiss for Lack of Personal Jurisdiction under FED.R.CIV.P.. 12(b)(2) by Defendant Evan Sirlin in both cases. (Dkt. 8). 28 U.S.C. § 636(b).

Plaintiff, Jay Conner, filed his Complaint in 2:13-cv-3507 on November 18, 2013, in the Magistrate's Court for Charleston County, South Carolina and filed 2:14-cv-347 on January 16, 2014, in the same court. Defendants Lifewatch, Inc. and Sirlin removed the actions on December 17, 2013, and February 7, 2014, respectively, and invoked the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441[1]. (Dkts. 1 Notice of Removal).

In his Complaints, Conner alleged that Defendant Lifewatch, Inc. and its

---

[1] Removal appears to be proper and timely. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 747 (2012) ("Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits.").

1

President Evan Sirlin made five (5) unauthorized prohibited telephone calls to his residential telephone number and left prerecorded messages there on October 14, 15, 2013, (13-3507 Dkt 1 Complaint) and two (2) unauthorized prohibited telephone calls to his residential telephone number and left prerecorded messages there on October 16, 2013. (14-347 Dkt 1 Complaint) . Plaintiff claims that the telephone calls violated the Telephone Consumer Protection Act, (TCPA), 47 U.S.C. § 227 et al. and he seeks statutory damages. Id.

Defendant Lifewatch is a corporation registered in the state of New York in the business of providing medical alert products and health monitoring services to individuals. Defendant Evan Sirlin is the president of Lifewatch, Inc

Defendant Lifewatch answered the Complaint in 14-347 on February 7, 2014, and Defendant Sirlin filed a Motion to Dismiss for lack of personal jurisdiction with Sirlin's affidavit on February 12, 2014. On February 14, 2014, Plaintiff was provided a copy of the motion and affidavit and was given an explanation of dismissal and summary judgment procedures similar to that required by Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975) advising him that a failure to properly respond might result in the dismissal of Defendant Sirlin. On March 21, 2014, Plaintiff filed a response in opposition to the motion with his affidavit and seventy (70) pages of exhibits.

Defendant Lifewatch answered the Complaint in 13-3507 on December 20, 2013, and Defendant Sirlin filed a Motion to Dismiss for lack of personal jurisdiction with Sirlin's affidavit on the same day. On December 23, 2013, Plaintiff was provided a copy of the motion and affidavit and a Roseboro order. Plaintiff was granted additional time to respond and, on February 5, 2014, he filed a response in opposition with his

own affidavit and over seventy (70) pages of exhibits, most of them duplicates of those filed in the other case.

Connor was then granted permission to file an amended complaint on March 7, 2014, and the Defendants answered on March 31, 2014. The amended complaint adds allegations of Defendant Sirlin's personal involvement in violations of the TCPA, apparently in response to Defendants' Motion to Dismiss Serlin for lack of personal jurisdiction. The amended complaint also increases the number of alleged TCPA violations, on October 14, 15, & 16, 2013, from five (5) to ten (10) and the allegations of calls on October 16, 2013, are duplicates of those alleged in 14-347. (13-3507, DKT. No. 24).

Connor also seeks time for discovery on the jurisdictional issue, which request the Defendants oppose.

This case was reassigned to the undersigned on June 5, 2014. Hence, it appears consideration of the motions is appropriate.

### ORDER

These two cases are closely related to each other; they involves the identical parties, the same causes of action and legal issues, and very similar facts. As a result, pursuant to FED. R. CIV. P. 42, it is ordered that the cases be consolidated, in the interest of judicial economy. The Clerk of Court is directed to re-file the documents in C/A No. 14-347 in C/A No. 13-3507 and then close C/A No. 14-347.

### REPORT AND RECOMMENDATION

A review of the record and relevant case law reveals that the Defendants Motions to Dismiss should be denied without prejudice to refiling after limited discovery

3

in accordance with the Local Rules is had on the issue of whether this court can exercise personal jurisdiction over Evan Sirlin.

Personal Jurisdiction: Standard of Review

When a Defendant moves to dismiss for lack of personal jurisdiction, the Plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the Defendant by a preponderance of the evidence. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989).  As in this case, the court addresses the question of personal jurisdiction on the basis of " 'motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the Plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge.' " New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir .2005) (quoting Combs, 886 F.2d at 676 ). Upon such review, the court is required to "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs, 886 F.2d at 676; see also  Stepheny v. Alvin S. Glenn Det. Ctr., C/A No. 8:06–2157–MBS, 2007 WL 542617 (D.S.C. Feb.15, 2007).[2]  Plaintiff must base his claim that personal jurisdiction exists on "specific facts set forth in the record." Magic Toyota, Inc. v. Southeast Toyota Distributs., Inc., 784 F.Supp. 306, 310 (D.S.C.1992).  As the Fourth Circuit Court of Appeals explained in Mylan Laboratories,

---

[2] A court's threshold finding that Plaintiff has established a prima facie case of personal jurisdiction over a moving Defendant does not settle that issue with finality, though.  Rather, "'Plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing.' " New Wellington, 416 F.3d at 294 n. 5 (quoting Prod. Group Int'l v. Goldman, 337 F.Supp.2d 788, 793 n. 2 (E.D.Va.2004) (internal citation omitted)).

4

Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir.1993), the court is to draw all "reasonable" inferences in favor of the Plaintiff and is to look to the proof proffered by all parties in considering a Rule 12(b)(2) motion. Id. at 62.  Nonetheless, the court "need not 'credit conclusory allegations or draw farfetched inferences.' " Sonoco Prods. v. ACE INA Ins., 877 F.Supp.2d 398, 405 (D.S.C .2012) (quoting Masselli & Lane, PC v. Miller & Schuh, PA, No. 99–2240, 2000 WL 691100, at *1 (4th Cir. May 30, 2000)).

Federal courts exercise personal jurisdiction in the manner provided by state law, so the court must first consider whether South Carolina law would authorize jurisdiction over Sirlin.  If South Carolina law would permit jurisdiction, the court must decide whether exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997).  South Carolina's long-arm statute, S.C.Code Ann. § 36–2–803, has been interpreted to reach the outer bounds permitted by the Due Process Clause. Id.; see S. Plastics Co. v. S. Commerce Bank, 310 S.C. 256, 423 S.E.2d 128, 130 (S.C. 1992). Accordingly, the court's inquiry is whether the activities of Sirlin were such that the court's exercise of jurisdiction over them in this matter would comport with due process. See  Stover v. O'Connell Assocs., Inc., 84 F.3d 132, 135–36 (4th Cir. 1996).  To determine whether personal jurisdiction exists, the court must consider the facts in the light most favorable to Plaintiff. Carefirst, 334 F.3d at 396.

A court's exercise of jurisdiction over a nonresident Defendant comports with due process when the Defendant has " 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.' " Carefirst of Md. ., Inc. v. Carefirst

Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir.2003) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks omitted)).  The court's inquiry regarding whether personal jurisdiction exists varies "depending on whether the defendant's contacts with the forum state also provide the basis for the suit." Carefirst, 334 F.3d at 397.  In such a case, the court will consider whether it has "specific" jurisdiction over the defendant by considering the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff['s] claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.' " Id. (quoting ALS Scan v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711–12 (4th Cir. 2002)).

In certain circumstances, South Carolina's long-arm statutes will permit personal jurisdiction over individual defendants based on actions of an individual nonresident employee, officer, or director of a corporation. See  Magic Toyota, 784 F.Supp. at 314–15 (citing Columbia Briargate Co. v. First Nat'l Bank, 713 F.2d 1052 (4th Cir. 1983)).

As indicated, this case alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et al. (TCPA) and Plaintiff has named Sirlin "individually."  It appears that liability could attach to Sirlin in his personal capacity. Mais v. Gulf Coast Collection Bureau, Inc., 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013) (collecting cases). Numerous district courts that have addressed the personal-liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they "had direct, personal participation in or

6

personally authorized the conduct found to have violated the statute." Sandusky Wellness center, LLC v. Wagner Wellness, Inc., et al. 2014 WL 1333472 (N.D. Ohio 2014) (citing Texas v. Am. Blastfax, Inc., 164 F.Supp.2d 892, 898 (W.D.Tex. 2001)); see also Maryland v. Universal Elections, 787 F.Supp.2d 408, 415–16 (D.Md. 2011) ("if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); Baltimore–Washington Tel. Co. v. Hot Leads Co., 584 F.Supp.2d 736, 745 (D. Md. 2008) (observing that if the Defendants, who were the same Defendants as in American Blastfax, "actually committed the conduct that violated the TCPA, and/or ... actively oversaw and directed the conduct," they could be held individually liable for the statutory violations); Covington & Burling v. Int'l Mktg. & Research, Inc., 2003 WL 21384825, at *6 (D.C.Super.Apr.17, 2003) (holding that corporate executives were personally liable because they "set company policies and [oversaw] day-to-day operations" and were "clearly involved in the business practices" that violated the TCPA).  See also Versteeg v. Bennett, Deloney & Noyes, P .C., 775 F.Supp.2d 1316, 1321 (D. Wyo. 2011)

  The Fourth Circuit court of Appeals in Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 433 (4th Cir. 2011), wrote that federal courts "'have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual ... that would not ordinarily be subject to personal jurisdiction in that court when the individual ... is an alter ego ... of a corporation that would be subject to personal jurisdiction in that court." (quoting Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640, 653 n. 18 (5th Cir. 2002)); see also Columbia Briargate, 713 F.2d at 1059–61.  In Columbia Briargate, the Fourth Circuit

7

Court of Appeals considered whether the so-called "fiduciary shield doctrine"[3] would keep a corporate employee, officer, or director from being haled into court for acts he or she undertook for the benefit of his or her employer. 713 F.2d at 1059–61.  The Columbia Briargate court rejected a mechanical application of that doctrine, but found the more appropriate analysis of whether personal jurisdiction appropriately could be exercised over such a non-resident employee/officer is one that "manifestly harmonizes the rule with reference to the substantive tort liability of a corporate agent and that with reference to his amenability to service in an action for tort under a state long-arm statute[.]" Columbia Briargate, 713 F.2d at 1063–64.  The court continued: "[S]o long as the agent has not participated in the alleged tort in the forum state, he is immune from suit on such tort both under general corporate law and under the state long-arm statute but if he has a 'direct personal involvement' in a tort committed in the forum state, the agent is subject to jurisdiction in that state under its long-arm statute." 713 F.2d at 1064.

The pro se Plaintiff seeks discovery on this issue: did Sirlin have direct personal involvement in some decision or action which is causally related to the telephone calls received by Plaintiff which allegedly violated the TPCA in South Carolina?  Plaintiff indicated that the Defendant would not consent to discovery on the issue in order to allow Plaintiff to substantiate Sirlin's connections to the telephone calls.

Nevertheless, it appears that discovery in accordance with the Local Rules is

---

[3]  The "fiduciary shield doctrine" would not subject a corporate employee or agent to personal jurisdiction based solely on contacts with the forum state that were undertaken on behalf of their corporate employers/principals. See Magic Toyota, 784 F.Supp. at 314.

necessary on the issue. A grant of jurisdictional discovery is appropriate where, as here, "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." <u>Boschetto v. Hansing,</u> 539 F.3d 1011, 1020 (9th Cir. 2008).

Therefore, it is recommended that the Defendant's motions to dismiss be denied with leave to refile following forty-five (45) days of discovery.

## Conclusion

Accordingly for the aforementioned reasons, **IT IS ORDERED** that pursuant to FED. R. CIV. P. 42, the cases are consolidated, in the interest of judicial economy. The Clerk of Court is directed to re-file the documents in C/A No. 14-347 in C/A No. 13-3507 and then close C/A No. 14-347.

Furthermore, **IT IS RECOMMENDED** that the Defendant's motions to dismiss be denied with leave to refile following forty-five (45) days of discovery.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 29, 2014
Charleston, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).