IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, ) | |
| ) | Civil Action No.: 2:13-03507-CWH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Lifewatch, Inc. and Evan Sirlin Individually,) | |
| ) | |
| Defendants. ) | |

The plaintiff, Jay Connor (the "plaintiff"), proceeding pro se, filed his complaint in 2:13-cv-3507 on November 18, 2013 in the Magistrate's Court for Charleston County, South Carolina and filed 2:14-cv-347 on January 16, 2014 in the same court; each case alleged claims pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. The defendants removed the actions on December 17, 2013 and February 7, 2014, respectively, pursuant to 28 U.S.C. §§ 1331 and 1441.

In 2:14-cv-347, the defendant, Lifewatch, Inc. ("Lifewatch"), answered the complaint on February 7, 2014, and the defendant, Evan Sirlin ("Sirlin"), filed a motion to dismiss for lack of personal jurisdiction on February 12, 2014. As the plaintiff was proceeding pro se, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C. On February 14, 2014, the magistrate judge issued a Roseboro Order advising the plaintiff of the importance of the dispositive motion and of the need for him to file a response. The plaintiff was specifically advised that if he failed to file a properly supported response, Sirlin's motion may be granted, thereby ending his case. On March 21, 2014, the plaintiff filed a response in opposition to the motion.

In 2:13-cv-3507, Lifewatch answered the complaint on December 20, 2013, and Sirlin filed a motion to dismiss for lack of personal jurisdiction that same day. Three days later, the magistrate judge issued a Roseboro Order advising the plaintiff of the importance of the dispositive motion and of the need for him to file a response. Again, the plaintiff was specifically advised that if he failed to file a properly supported response, Sirlin's motion may be granted, thereby ending his case. The plaintiff was granted additional time to respond, and, on February 5, 2014, he filed a response in opposition. On March 7, 2014, the magistrate judge granted the plaintiff permission to file an amended complaint, and the defendants answered on March 31, 2014.

On July 29, 2014, the magistrate judge issued an R&R which ordered that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42 as these two cases are closely related to each other—they involve identical parties, the same causes of action and legal issues, and very similar facts. Therefore, on July 29, 2014, the cases were consolidated in the interest of judicial economy, and the Clerk of Court re-filed the 2:14-cv-347 documents in 2:13-cv-3507 and closed 2:14-cv-347. In his R&R, the magistrate judge recommended that Sirlin's motions to dismiss (ECF Nos. 6 & 39) should be denied with leave to re-file following forty-five (45) days of discovery on the issue of whether the Court may exercise personal jurisdiction over Sirlin. The magistrate judge specifically advised the parties of the procedures and requirements for filing objections to the R&R and the serious consequences if they failed to do so. The parties have filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may



"accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 35) by reference in this Order. Sirlin's motions to dismiss (ECF Nos. 6 & 39) are DENIED with leave to re-file following forty-five (45) days of discovery.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 19, 2014
Charleston, South Carolina

