# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, | ) Civil Action No. 2:13-3507-CWH-BM |
| | ) Civil Action No. 2:14-0347-CWH-BM |
| Plaintiffs, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Lifewatch, Inc. and Evan Sirlin, | ) |
| Defendants. | ) |

These actions were originally filed by the pro se Plaintiff in state court, and were removed to this Court by the Defendants pursuant to 28 U.S.C. § § 1331 and 1441. Plaintiff asserts claims against the Defendants pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq.

This matter is before the Court pursuant to a motion to dismiss that has been filed by the Defendant Evan Sirlin. However, a review of the docket in this case shows that Sirlin filed a virtually identical motion to dismiss (with attached virtually identical affidavit) when this case was first removed to this Court. That motion was denied by the Court with leave to refile following the conclusion of a set discovery period. See also Court Docket No. 35 [Report and Recommendation finding that discovery in accordance with the Local Rules was necessary on the jurisdictional issue raised in Defendant's motion].[1] The discovery period was subsequently extended by Order of the Court on December 19, 2014, and again on January 9, 2015. The Court's Order of January 9, 2015

---

[1] This case was before a different United States Magistrate Judge at that time, and has only recently been reassigned.



granted Plaintiff's request to file a second amended complaint, in part; the discovery period was extended to February 27, 2015; and the motions deadline was set for March 27, 2015.

However, notwithstanding the Court's Order of January 9, 2015, as well as the Court's previous order denying Sirlin's motion to dismiss with leave to refile at the conclusion of discovery, Sirlin refiled his motion to dismiss on January 23, 2015, a motion that (as noted) is nearly identical to the motion the Court has already denied. Therefore, based on the previous Orders of this Court, this new motion should also be denied, without prejudice. <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970) ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. Defendant may re-file this motion (or a Rule 56 motion for summary judgment) at the conclusion of the discovery period. <u>See</u> <u>also</u> [Court Docket No. 42].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 28, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

