IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, ) | |
| ) | Civil Action No.: 2:13-3507-CWH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Lifewatch, Inc. and Evan Sirlin Individually,) | |
| ) | |
| Defendants. ) | |

The plaintiff, Jay Connor (the "plaintiff"), proceeding pro se, filed two actions in the Magistrate's Court for Charleston County, South Carolina against the defendants alleging violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. The defendants removed the actions pursuant to 28 U.S.C. §§ 1331 and 1441. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R").

Thereafter, the defendant Evan Sirlin ("Sirlin") filed a motion to dismiss in each case. On July 29, 2014, the cases were consolidated in the interest of judicial economy. On August 29, 2014, the motions to dismiss were denied with leave to re-file following forty-five days of discovery. The discovery period was subsequently extended by Order of the Court on December 19, 2014, and again on January 9, 2015. The Court's Order of January 9, 2015 granted in part and denied in part the plaintiff's request to file a second amended complaint; extended the discovery period to February 27, 2015; and set the motions deadline for March 27, 2015.

Notwithstanding the Court's Order of January 9, 2015, as well as the Court's previous order denying Sirlin's motions to dismiss with leave to re-file at the conclusion of discovery, on January 23, 2015, Sirlin re-filed his motion to dismiss. (ECF No. 68).

On January 28, 2015, the magistrate judge issued an R&R which recommended that Sirlin's motion to dismiss (ECF No. 68) should be denied without prejudice and that he would be permitted to re-file this motion (or a Rule 56 motion for summary judgment) at the conclusion of the discovery period. (ECF No. 70). The magistrate judge specifically advised the parties of the procedures and requirements for filing objections to the R&R and the serious consequences if they failed to do so. The parties have filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).



After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 70) by reference in this Order. Sirlin's motion to dismiss (ECF No. 68) is denied without prejudice with leave to re-file at the conclusion of the discovery period. This matter is recommitted to the magistrate judge.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

February 19, 2015
Charleston, South Carolina